**Juan VILLAGOMEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70974.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2006.*

Decided Feb. 21, 2006.**

Glen A. Prior, Esq., Pacific Law Inc., Fife, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David E. Dauenheimer, Esq., Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Jennifer Levings, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and FISHER, Circuit Judges.

MEMORANDUM ***

Juan Villagomez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's ("BIA") decision denying his motion to reopen removal proceedings and reconsider its previous decision denying his application for a waiver of inadmissability under former section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). We review for abuse of discretion the BIA's denial of a motion to reopen and reconsider, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and we dismiss the petition for review. Because the parties are familiar with the facts, we do not recite them in detail.

Villagomez has not argued that the BIA abused its discretion in denying his motion to reopen and reconsider, nor has he challenged the BIA's determination that he was not deserving of cancellation of removal. Villagomez has thus waived any consideration of those issues. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1260 (9th Cir.1996). Villagomez instead challenges the BIA's initial dismissal of his appeal. However, we lack jurisdiction to consider his contentions as he failed to petition for review within 30 days of that decision. *See* 8 U.S.C. § 1252(b)(1).

Villagomez first argues that he was not removable because his convictions do not qualify as crimes of violence or domestic violence. However, he failed to appeal the immigration judge's ("IJ") determination of removability to the BIA and we lack jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (holding that the court lacks subject-matter jurisdiction over legal claims not presented in administrative proceedings below). Villagomez's second argument is that the BIA erred when it declined to remand his case to the IJ; however, the BIA did so in its October 8, 2003 order, not in the denial of the motion to reconsider that is the subject of the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Withdrawn and amended and superseded on grant of rehearing. See 2006 WL 1147441.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

present petition for review. We lack jurisdiction as to this issue as well.

Petition for review **DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.